UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01234 AG (DFMx) | Date | August 13, 2018 |
|---|---|---|---|
| Title | SERTANT CAPITAL LLC v. ELEMENT FLEET CORPORATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION AND ORDER CONTINUING HEARING**

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendant Element Fleet Corporation invoked that limited jurisdiction when it filed a notice of removal in federal court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Element Fleet asserts that removal is proper under 28 U.S.C. § 1332, § 1441, and § 1446. (Dkt. No. 1 at ¶¶ 3–7.) But for that to be true, Element Fleet must be able to satisfy the requirements of both diversity jurisdiction and removal. Diversity jurisdiction may be an appropriate basis for removal when (1) each plaintiff is a citizen of a different state than each defendant, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Guas v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that defendants always have the burden of establishing, by a preponderance of evidence, that removal is proper. *See id.*; *see also Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Guas*, 980 F.2d at 566.

Here, Plaintiff is a citizen of California, and Element Fleet is a citizen of Delaware and Maryland. Those representations are well taken. But Element Fleet has not shown that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01234 AG (DFMx) | Date | August 13, 2018 |
|---|---|---|---|
| Title | SERTANT CAPITAL LLC v. ELEMENT FLEET CORPORATION | | |

removal was proper. For one thing, it failed to file all the documents required under 28 U.S.C. § 1446(a), particularly the "copy of all process." This also makes it impossible for the Court to determine whether removal was timely under § 1446(b). And that's not all. Element Fleet also hasn't sufficiently shown that the amount in controversy exceeds $75,000. Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But if the plaintiff or the Court does contest that allegation, then "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, *by the preponderance of the evidence*, that the amount in controversy exceeds" the relevant jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added).

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). The Court ORDERS Element Fleet to file all documents required under § 1446(a), and a document supporting its amount-in-controversy calculations by **August 20, 2018**. The Court further ORDERS Element Fleet to appear at a hearing on Monday **August 27, 2018 at 9:00 a.m.** to show cause why this case should not be remanded for lack of subject matter jurisdiction.

The Court CONTINUES the hearing on Defendants' pending motion to dismiss or transfer, currently set for August 20, 2018, to Monday **September 24, 2018 at 10:00 a.m.** (Dkt. No. 8.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |